## GILLIS *against* PECK.

Where the defendant, in an action of slander for charging the plaintiff with adultery with *C*, after pleading the general issue, with notice that he should justify the charge, by proving its truth, introduced first some direct evidence of the crime charged, and then circumstantial proof, tending to show grossly familiar, indecent and wanton conduct between the plaintiff and *C ;* after which, he offered a witness to prove, that the plaintiff, during such conduct, declared to the witness, that he preferred married women, because if any consequences followed from his connexion with them, their husbands would be responsible ; it was held, that proof of such declaration was not admissible, either in support of the justification, or in mitigation of damages.

THIS was an action of slander, for charging the plaintiff with adultery with *Caroline Seward*, the wife of *Moses D. Seward.*

The defendant pleaded the general issue, with notice that he would offer evidence to prove, that before the speaking of the words alleged, the plaintiff committed the crime of adultery with a married woman in the state of *Vermont*, whose name was unknown to the defendant, and openly declared and published the same of himself in the town of *Southington*, in this state ; and that, on the 1st day of *January* 1844, the 1st day of *June* and the 1st day of *November*, of the same year, at said *Southington*, the plaintiff committed the crime of adultery with said *Caroline Seward*, then the lawful wife of said *Moses D. Seward ;* and that, on divers other days and times between said 1st day of *January* 1844, and the speaking of said words, the plaintiff committed adultery with said *Caroline Seward*, and had adulterous intercourse with her ; she, during all that period, being the lawful wife of said *Moses D. Seward.*

On the trial to the jury, after proof of the declaration by the plaintiff, the defendant offered direct evidence to prove, that the plaintiff, before the speaking of the words complained of, committed adultery with said *Caroline Seward*, in the year 1844, he then being in the capacity of an hostler, at a tavern kept by her husband.

The defendant also offered circumstantial evidence to prove, that criminal intercourse continued between the plaintiff and Mrs. *Seward*, from the year 1844 to the time when the words were spoken by the defendant ; and for the purpose of proving such intercourse, the defendant introduced evidence tending to show their grossly familiar, indecent and wanton conduct and demeanour towards each other, and of facts and circumstances connected therewith, from which the jury might infer, that they were living in adultery.

Subsequently, in the course of the trial, the defendant offered to prove, by one *Daniel Newton*, that the plaintiff, during such familiar, indecent and wanton conduct of himself and said *Caroline*, declared to the witness, that he preferred married women, because if any consequences followed from

his connexion with them, their husbands would be responsible for them.

To the admission of this evidence of the plaintiff's declaration his counsel objected ; and the court thereupon excluded it.

The plaintiff having obtained a verdict, the defendant moved for a new trial.

*Hungerford* and *Toucey*, in support of the motion, contended, That the testimony offered by the defendant, on the trial, and rejected by the court, should have been admitted. The general issue having been pleaded, with notice that the defendant would justify the charge, by proving the truth of the words, he introduced both direct and circumstantial evidence for that purpose ; and had the testimony rejected been admitted, it would have corroborated the direct evidence, and supplied the deficiency in the circumstantial.    To render it admissible, it was not necessary that it should have been such as of itself to amount to direct proof, or, without the aid of other testimony, to establish the main fact ; but if it constituted a link or item, which, in connexion with other proof, would make it out, or if it tended so to do, the testimony should have been received.    *The State* v. *McAlister*, 24 *Maine R.* 139.    *Belden* v. *Lamb*, 17 *Conn. R.* 144.    2 *Hag. Eccl. R.* 226, 7.    The charge of adultery is generally proved, by proximate circumstances, and can seldom be proved, by direct evidence alone.    *Burgess* v. *Burgess*, 2 *Hag. Consist. R.* 223.    (1 *E. Eccl. R.* 528.)    If the testimony was admissible for any purpose—either to prove the justification, or in mitigation of damages—the defendant is entitled to a new trial.

*Hooker*, contra, contended, 1.  That the testimony in question was not admissible *in justification*.    This depends on the question, whether it tended directly to prove the charge. This being the defendant's motion, it is for him to show clearly, that the evidence was relevant ; nothing is to be presumed.    The charge was, that the plaintiff had committed adultery with Mrs. *Seward*.    In the first place, the declaration offered in evidence does not *admit any thing*.    It merely states what the plaintiff would *prefer*, in certain circumstan-

ces.   He does not say, that he ever carried out that prefer-
ence in acts.   Secondly, the declaration makes no allusion,
express or implied, to Mrs. *Seward.*   It is just as much proof
of adultery with any other woman as with her.   Thirdly, it
does not appear from the motion, that the declaration was
made during a conversation about Mrs. *Seward ;*   or about
the " indecent and wanton conduct" of the plaintiff and Mrs.
*Seward ;* or about the plaintiff's conduct, in any respect.
No facts appear in the motion, that connect this declaration,
in any way, with the particular crime which the defendant
has charged upon the plaintiff.   *Best on Presump.* 53, 4.
*Rosc. Crim. Ev.* 73.

2. That the testimony offered was inadmissible, for the
purpose of mitigating damages.   General reputation alone,
(and perhaps as to the point of character assailed,) is admissi-
ble for this purpose ; and particular facts are not.   Even re-
garding this as an acknowledgment of adulterous conduct, it
is not admissible in mitigation of damages.   2 *Stark. Sland.*
88.   2 *Greenl. Ev.* 403, 4. n.   *Petrie* v. *Rose,* 5 *Watts &
Serg.* 364.   4 *Shep. R.* 22.   2 *Sup. U. S. Dig.* 324, 5.

*Chapman,* on the same side, was stopped by the court.

CHURCH, Ch. J.   The issue under the notice of justifica-
tion, was, whether the defendant had committed the crime of
adultery with a particular individual.   Evidence which did
not conduce to prove this, was not admissible.

The plaintiff had made certain declarations of his preferen-
ces and his propensities, but not in any allusion to the person
with whom the adultery was charged to have been commit-
ted.   He asserted no fact, nor did he speak of any person,
nor make any confessions conducing to prove him guilty of
any crime at all; of course, such declarations did not con-
duce to prove a justification of the words spoken.

Nor was this evidence any more admissible, in the matter
of damages.   It did not go to prove the general character of
the plaintiff to be bad ;  nor his reputation as to the crime
charged ;  it does not even appear that the defendant knew
that the plaintiff had ever made the remarks offered to be
proved, before he made the slanderous imputations, so that

*Hartford,*
*August, 1850.*

Gillis
*v.*
Peck.

he could have been in the least influenced by them to speak as he did.

It is said, that this evidence, if admitted, would have corroborated or supplied deficiencies in other evidence, which the defendant had introduced. This does not appear from any such other evidence stated in the motion; and of course, we cannot regard it. As it is, the proof offered seems to us to have been irrelevant for every purpose, and was properly rejected.

A new trial must, therefore, be refused.

In this opinion the other Judges concurred.

New trial not to be granted.